Gary McKNIGHT, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Dennis Cronk and Gilbert Amborn, Defendants-Respondents.†

Court of Appeals

*No. 86–0877. Submitted on briefs July 7, 1987.—Decided December 8, 1987.*

(Also reported in 420 N.W.2d 370.)

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *Robert J. Gingras* of *Fox, Fox, Schaefer & Gingras,* Madison, Wisconsin.

For the defendants-respondents the cause was submitted on the briefs of *Robert L. Binder* and *Maureen A. McGinnity* of *Foley & Lardner,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

68

SULLIVAN, J. In August of 1978, Gary McKnight began work as a manufacturing supervisor with A.C. Spark Plug, a division of General Motors Corporation (GMC). After three years of what McKnight alleges was outrageous racial discrimination, he was laid off in December 1981.

On February 18, 1983, McKnight filed a complaint in the circuit court for Milwaukee county alleging unlawful racial discrimination under 42 U.S.C. sec. 1981 (1982) and seeking compensatory and punitive damages. The case was tried to a jury, which found for the defendants.

On appeal, McKnight raises several issues. Two of these issues are whether the trial court erred in its instructions to the jury and whether the form of the special verdict submitted to the jury was improper. We hold that the trial court erred on both of these issues and reverse.[1]

Question One of the special verdict read:

> Did any of the defendants engage in a pattern of adverse treatment of the plaintiff which taken as a whole was excessive and reprehensible?

The trial court also instructed the jury that the plaintiff had the burden of proving that the actions of the defendants were excessive and reprehensible. The jury found that they were not.

A trial court has broad discretion in instructing a jury. *State v. Higginbotham,* 110 Wis. 2d 393, 403, 329 N.W.2d 250, 255 (Ct. App. 1982). Prejudicial error should not be found unless the instructions probably

---

[1]Because our resolution of these two issues is dispositive, we need not determine the other issues raised by McKnight.

misled the jury, *Kuhlman, Inc. v. G. Heileman Brewing Co.,* 83 Wis. 2d 749, 756, 266 N.W.2d 382, 386 (1978), or it appears from the record that the real controversy has not been fully tried. *Clark v. Leisure Vehicles, Inc.,* 96 Wis. 2d 607, 620, 292 N.W.2d 630, 636 (1980).

█

Likewise, the form of a special verdict is within the sound discretion of the trial court. *Murray v. Holiday Rambler, Inc.,* 83 Wis. 2d 406, 425, 265 N.W.2d 513, 523 (1978). We will not interfere with this form unless the question, taken with the applicable instruction, does not fairly present the material issues of fact to the jury for determination. *Topp v. Continental Ins. Co.,* 83 Wis. 2d 780, 785, 266 N.W.2d 397, 401 (1978).

To establish a prima facie case for discrimination under 42 U.S.C. sec. 1981 (1982), the plaintiff need only demonstrate that he or she is a member of a protected class, that he or she is otherwise similarly situated to members of the unprotected class, and that he or she was treated differently from the members of the unprotected class. *Ramsey v. American Air Filter Co.,* 772 F.2d 1303, 1307 (7th Cir. 1985).[2] Once a prima facie case is made, the defendant may rebut it by articulating a legitimate, nondiscriminatory reason for its action. *Id.* The plaintiff may then show that the alleged legitimate reason was merely a pretext designed to hide the discriminatory purpose. *Id.* The

[2]While *Ramsey* acknowledges that this test is for a prima facie case under Title VII, the standards that govern Title VII liability also govern liability under 42 U.S.C. sec. 1981 (1982). *Ramsey,* 772 F.2d at 1307.

trial court in the present case properly instructed the jury as to this procedure.

However, the trial court was incorrect when it instructed the jury that the plaintiff had to prove that the defendants' actions were "excessive and reprehensible." The trial court was also incorrect in submitting to the jury a special verdict question which asked whether the actions of the defendants were excessive and reprehensible. The United States Supreme Court has stated that a plaintiff may establish a Title VII violation by showing that discrimination has created a hostile or abusive work environment. *Meritor Savings Bank, FSB v. Vinson,* 106 S. Ct. 2399, 2405–06 (1986). This standard applies equally to cases of discrimination under 42 U.S.C. sec. 1981 (1982).[3] For discrimination to be actionable, it must alter the conditions of the victim's employment and create an abusive working environment. *Vinson,* 106 S. Ct. at 2406.

A trial court must fully and fairly inform the jury of the rules and principles of law applicable to a particular case. *D.L. v. Huebner,* 110 Wis. 2d 581, 624, 329 N.W.2d 890, 909 (1983). In this case, the trial court did not do so. The jury should have been instructed and the special verdict question should have been formed so that McKnight need only prove that the alleged discrimination created a hostile or abusive work environment. McKnight should not have been required to prove that the actions of the defendants were excessive or reprehensible.

Because the jury was improperly instructed and because the special verdict question was incorrect, the real controversy between the parties has not been

---

[3]*See supra,* note 2.

fully tried. We therefore reverse the judgment and remand the cause for a new trial. *See* sec. 752.35, Stats.

*By the Court.*—Judgment reversed and cause remanded for a new trial.