163 Wis.2d 270 (1991)
471 N.W.2d 519
IN the INTEREST OF A.E., Alleged Child in Need of Protection and Services: Z.E., Appellant,[]
v.
STATE of Wisconsin, Respondent.
No. 90-2750.
Court of Appeals of Wisconsin.
Submitted on briefs April 16, 1991.
Decided May 1, 1991.
*272 On behalf of the appellant, the cause was submitted on the brief of Terry W. Rose of Rose & Rose of Kenosha.
On behalf of the respondent, the cause was submitted on the brief of Robert J. Jambois, district attorney, and Cynthia A. Lepkowski, assistant district attorney.
Before Nettesheim, P.J., Brown and Anderson, JJ.
BROWN, J.
Z.E., the father of A.E., appeals from a CHIPS order judging A.E. to be in need of protection or services under sec. 48.13(10), Stats. The father claims that the evidence at trial was insufficient to support the jury's verdict; that Wis J ICivil 7030 misstates the law by permitting speculation about whether the parent will "seriously endanger" the child; and that a general verdict was submitted to the jury even though a special verdict is the rule in Wisconsin. We disagree with the father's contentions and affirm.
The child was born on June 14, 1988. Four to five months later the father separated from his wife, S.E. Some time later, the mother put the child in the care of a couple. In June 1989, the Kenosha County Department of Social Services (department) was contacted regarding the legality of the mother's placement. The department investigated and found that the mother had the child on weekends and when she was not at work.
In October 1989, the father contacted the department and demanded his son, although the father had no contact with the child for almost a year. The social worker suggested he secure an attorney and told him custody was a matter for the family court. The social worker checked on the condition of the child that evening, *273 since the father had stated that he heard from other people that the child was neglected. The social worker found that the child was receiving good care from the mother.
In June 1990, the mother contacted the department to place her son in a foster home with the couple who had been caring for him, because the mother did not have a residence for the child and she was being prosecuted for assault, battery and burglary and likely would serve a prison term. The department contacted the father as part of the placement procedure. After a meeting with the father, the social worker commenced CHIPS proceedings. The department opposed giving care of the child to his father because of the father's volatile nature, his drug and alcohol involvement, and his past criminal activity. The department also claimed that he had not visited with or supported the child financially for approximately eighteen months.
As the result of a jury trial on August 17, 1990, a CHIPS order was issued stating, pursuant to sec. 48.13(10), Stats., that the child was in need of protection or services because he would be seriously endangered if placed in the care of his parent. The father challenges the finding that he would "seriously endanger" the child.
[1]
The father first challenges the sufficiency of the evidence to support the jury verdict that the child was in need of protection or services. The standard of review of a jury verdict is that it will be sustained if there is any credible evidence to support the verdict. Fehring v. Republic Ins. Co., 118 Wis. 2d 299, 305, 347 N.W.2d 595, 598 (1984).
[2]
The record indicates the following facts. The father had not seen the child or provided financial support for *274 the child in the eighteen months prior to trial. Yet, during this same period, the father received $22,000 from an insurance settlement. However, he used it to pay debts and doctor bills and to purchase a car. The father had no source of income at the time of the trial. The father admitted prior drug use. Several people, including the social worker, testified to incidents when the father had exhibited volatile behavior. We conclude that there is ample credible evidence supporting the verdict.
The father next argues that Wis J ICivil 7030 misstates the law of sec. 48.13(10), Stats., in the way the jury instruction defines "seriously endanger." Section 48.13(10) provides that a court can order protection or services for a child "[w]hose parent ... neglects, refuses or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child." Jury instruction Wis J ICivil 7030 states that seriously endanger "means potential harm to the child. Actual physical injury need not occur for the child to be seriously endangered; it is sufficient that such harm could happen except for the intervention of others."
The father contends that the statutory term "seriously endanger" is not anticipatory in nature, but rather addresses past alleged conduct. However, the jury instruction requires the jury to assess the potential (future) harm to the child.
[3, 4]
There are no Wisconsin cases construing the "seriously endanger" language of the statute or the jury instruction. The meaning of a statute is a question of law. State v. Panno, 151 Wis. 2d 819, 824, 447 N.W.2d 74, 76 (Ct. App. 1989). We first look to the statute's language and apply the ordinary and accepted meaning *275 of the words without resort to rules of statutory construction. Id. at 824-25, 447 N.W.2d at 76.
[5]
We may resort to a recognized dictionary to determine the ordinary meaning of a word. Id. Webster defines "endanger" as "to bring into danger or peril of probable harm." Webster's Third New International Dictionary 748 (1976). This definition clearly encompasses not only those situations where past conduct brought a child into peril, but also those situations where conduct can be anticipated that will bring a child into peril. In either scenario, the child's physical health is put into danger.
[6]
Therefore, we hold that Wis J ICivil 7030 correctly states the law regarding a child in need of protection or services pursuant to sec. 48.13(10), Stats.
The father also challenges the form of the verdict submitted to the jury. The court submitted the following question: "Is the child, A.E., in need of protection or services?" The father claims that this was not a special verdict and states that special verdicts are the rule in Wisconsin practice. See sec. 805.12(1), Stats.; Milwaukee & Suburban Transp. Corp. v. Milwaukee County, 82 Wis. 2d 420, 450, 263 N.W.2d 503, 519 (1978).
We construe the father's argument to be that the verdict was a general verdict rather than a special verdict. Even if the question submitted to the jury was a general verdict, the opening phrase of sec. 805.12(1), Stats., gives broad discretion to the trial court for the form of the verdict: "Unless it orders otherwise, the court shall direct the jury to return a special verdict." Id. (emphasis added). Use of a general verdict, therefore, is not per se improper.
*276 [7, 8]
Moreover, we are not convinced that this was a general verdict. Section 805.12(1), Stats., provides that the court shall submit a special verdict to the jury consisting of "written questions relating only to material issues of ultimate fact and admitting a direct answer." The form of a special verdict is within the sound discretion of the trial court. McKnight v. General Motors Corp., 143 Wis. 2d 67, 70, 420 N.W.2d 370, 371 (Ct. App. 1987). We will not interfere with the form of a special verdict unless the question, taken with the applicable instruction, does not fairly present the material issues of fact to the jury for determination. Id. In combination with the jury instructions, the jury question in this case presented a material issue of ultimate fact to the jury for its determination. We conclude that the form of the verdict was acceptable.
By the Court.Order affirmed.
NOTES
[] Petition to review denied.